# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-687V
### Filed: October 24, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| WHITNEY HILL, *on Behalf of* | * | |
| C.T., *Deceased Minor*, | * | |
| | * | |
| Petitioner, | * | Dismissal; IPV, Hepatitis B, Diphtheria- |
| v. | * | Tetanus-acellular Pertussis ("DTaP"), Hib; |
| | * | Phneumococcal-13, and Rotavirus |
| SECRETARY OF HEALTH | * | Vaccinations; Insufficient Proof of |
| AND HUMAN SERVICES, | * | Causation |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Patricia A. Finn, Esq.*, Patricia Finn, P.C., Piermont, NY, for petitioner.
*Colleen C. Hartley, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING THE PETITION[1]

**Roth**, Special Master:

On July 1, 2015, Whitney Hill ("Ms. Hill" or "petitioner") filed a petition for compensation on behalf of her minor child, C.T., under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the IPV, Hepatitis B, DTaP, Hib, Pheumococcal-13, and Rotavirus vaccinations C.T. received on or about June 9, 2013, resulted in his injuries and subsequent death. *See* Petition ("Pet."), ECF No. 1.

On October 19, 2017, petitioner filed a Motion for a Decision Dismissing the Petition, ECF No. 43.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Under the Vaccine Act, a petitioner may prevail in one of two ways. First, a petitioner may demonstrate that he suffered a "Table" injury—i.e., an injury listed on the Vaccine Injury Table that occurred within the time period provided in the Table. § 11(c)(1)(C)(i). "In such a case, causation is presumed." *Capizzano v. Sec'y of Health & Human Servs.*, 440 F.3d 1317, 1320 (Fed. Cir. 2006); *see* § 13(a)(1)(B). Second, where the alleged injury is not listed in the Vaccine Injury Table, a petitioner may demonstrate that he suffered an "off-Table" injury. § 11(c)(1)(C)(ii). An "off-Table" claim requires that the petitioner "prove by a preponderance of the evidence that the vaccine at issue caused the injury." *Capizzano*, 440 F.3d at 1320; *see* § 11(c)(1)(C)(ii)(II). A petitioner need not show that the vaccination was the sole cause, or even the predominant cause, of the alleged injury; showing that the vaccination was a "substantial factor" and a "but for" cause of the injury is sufficient for recovery. *Pafford v. Sec'y of Health & Human Servs.*, 451 F.3d 1352, 1355 (Fed. Cir. 2006); *Shyface v. Sec'y of Health & Human Servs.*, 165 F.3d 1344, 1352 (Fed. Cir. 1999). In addition, the Vaccine Act requires petitioners to show by preponderant evidence that the "residual effects or complications" of the alleged vaccine-related injury lasted for more than six months. § 11(c)(1)(D)(i).

In this case, petitioner does not allege an injury listed on the Vaccine Injury Table; thus, petitioner's claim is classified as "off-Table," which requires that she "prove by a preponderance of the evidence that the vaccine at issue caused the injury." *Capizzano*, 440 F.3d at 1320. "[T]o show causation under the preponderance of the evidence standard," a petitioner "must proffer trustworthy testimony from experts who can find support for their theories in medical literature." *LaLonde v. Sec'y of Health & Human Servs.*, 746 F.3d 1334, 1341 (Fed. Cir. 2014); *see also Althen*, 418 F.3d at 1278 (explaining that a petitioner's claim must be "supported by 'reputable medical or scientific explanation,' *i.e.*, 'evidence in the form of scientific studies or expert medical testimony'" (citation and alteration omitted)); *Shyface*, 165 F.3d at 1351 ("[E]vidence in the form of scientific studies or expert medical testimony is necessary to demonstrate causation." (citation and emphasis omitted)).

Upon careful evaluation of all of the evidence submitted in this matter, the undersigned concludes that petitioner has not shown by preponderant evidence that she is entitled to compensation under the Vaccine Act. Petitioner has failed to offer evidence showing that any of the vaccinations C.T. received in June 2013 caused his alleged injuries and subsequent death. **The petition is therefore DISMISSED. The clerk shall enter judgment accordingly.**

      **IT IS SO ORDERED.**

                                              **s/ Mindy Michaels Roth**
                                              Mindy Michaels Roth
                                              Special Master